UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| JAMES EPPERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:19-CV-307-TRM-DCP |
| | ) | |
| CONSOLIDATED NUCLEAR SECURITY, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Defendant's Motion to Quash Subpoena [Doc. 18]. Plaintiff has not responded to the Motion, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.2.[1] Accordingly, the Court **GRANTS IN PART** Defendant's Motion [**Doc. 18**].

**I.     ANALYSIS**

In the instant matter, Plaintiff served a Subpoena to Appear and Testify at a Hearing or Trial in Civil Action ("Subpoena") [Doc. 16], requiring that Morgan Smith ("Smith"), Defendant's President and Chief Executive Officer, provide testimony at the December 14, 2020, trial of this matter and to produce the "name and 15-year employment record of the crane operator that flew a critical load over head of plaintiff at the Uranium Processing Facility, Y-12, Oak Ridge, TN, on August 16, 2018 . . ." Defendant moves to quash the Subpoena.

---

[1] In his motion for protective order [Doc. 19], which the Court denied as moot [Doc. 23], Plaintiff mentions that he subpoenaed "the individual at the top who the plaintiff was told is where the decision to terminate the plaintiff for 6 months . . ." [Doc. 19 at 2]. Plaintiff, however, does not respond to Defendant's Motion to Quash.

For grounds, Defendant states that it possesses such records, not Smith, and that there is no evidence that Smith was involved in Plaintiff's termination. Defendant states that requiring Smith to comply with the Subpoena would be inconsistent with the mandate in Federal Rule of Civil Procedure 26(b)(2)(C). Defendant also states that Plaintiff sent it a letter stating that he will make sure the lawsuit will cost Defendant money. In addition, Defendant states that the Subpoena should be quashed because Plaintiff failed to serve Defendant with the Subpoena prior to serving it to a third party in violation of Rule 45(a)(4).

Further, Defendant argues that the operator's complete 15-year employment records are irrelevant for several reasons. Defendant argues that to support his Tennessee Public Protection Act claim, Plaintiff must show pretext for Defendant's decision and that the employment records of a crane operator are irrelevant. Second, Defendant states that Plaintiff was only employed for a few months and that fifteen (15) years of employment records of another employee are irrelevant. Third, Defendant argues that the request is too broad because it seeks vague and non-specific employment records. Fourth, Defendant submits that Smith does not have custody of the records. Fifth, Defendant states that seeking Smith's testimony is not proper and that several courts have struck down demands to have senior company officials testify when the official not been involved in the decision giving rise to the lawsuit. Finally, Defendant seeks attorney's fees pursuant to Rule 45(d).

As previously mentioned, Plaintiff did not respond to Defendant's Motion, and the time for doing so has expired. Plaintiff's failure to respond constitutes grounds to grant the Motion. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). In any event, however, the Court has reviewed the Motion and finds it to be well taken at this time.

Rule 45 governs subpoenas to non-parties. Fed. R. Civ. P. 45. Rule 45 also provides certain protections for persons subject to a subpoena. For instance, Rule 45(d)(3) states that the court must quash or modify a subpoena that subjects a person to an undue burden. In determining whether a subpoena imposes an undue burden, the court should consider "such facts as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." *Long v. Tennessee Valley Auth.,* No. 3:09-CV-114, 2009 WL 10710417, at *3 (E.D. Tenn. Sept. 18, 2009) (quoting *Travelers Indem. Co. v. Metropolitan Life Ins. Co.,* 228 F.R.D. 111, 113 (D. Conn. 2005)).

Here, the Subpoena requests that Smith produce fifteen (15) years of employment records for one of Defendant's employees and for Smith's testimony at the trial. With respect to the employment records, Defendant states that Smith does not possess such records. Plaintiff has not disputed Defendant's claim. The Court further finds that Defendant is the proper entity to direct a request for employment records. *See Tepe v. Whirlpool Customer Experience Center, a/k/a, Whirlpool CXC*, No. 1:19-cv-00158-JRG-SKL (E.D. Tenn. Marc. 18, 2020) [Doc. 73] ("Defendants are correct that Whirlpool is the property entity at which to direct any request for the types of employee records Plaintiff seeks.").

Further, because Plaintiff has not responded to the Motion, the Court is not persuaded that the crane operator's past fifteen (15) years of employment records are relevant to the issues in this case, especially when Plaintiff only worked for Defendant for a few months. The Court also agrees with Defendant that the Subpoena seeks vague and non-specific "employment records," which could include personnel files, payroll, and benefit information, and other information that is not relevant to the issues in this case. *See also Stratienko v. Chattanooga-Hamilton Cty. Hosp. Auth.,*

No. 1:07-CV-258, 2008 WL 4442492, at *5 (E.D. Tenn. Sept. 25, 2008) ("Because of the extremely private nature of personnel files, courts generally do not order production of such files except upon a compelling showing of relevance by the requesting party."). (citing *Miller v. Federal Express Corp.,* 186 F.R.D. 376, 384 (W.D. Tenn. 1999)).

With respect to Smith's trial testimony, Plaintiff states in a letter to defense counsel that he subpoenaed Smith because "[t]wo CNS employees uttered to [Plaintiff] that the delay for the decision was prompted because the decision has to come from the top (of which I will subpoena them both) as they are listed in my disclosures as are recorded conversations I will use to validate this point." [Doc. 18-1 at 1]. Defendant submits a Declaration of Chad Mee [Doc. 18-3], the Senior Manager of Labor Relations for the Y-12 National Security Complex, who states as follows:

> When CNS terminated Mr. Epperson's employment, the process required me to obtain final approval for that decision from John Howanitz, project director for UPF, and Diane Grooms, Chief Human Resources Officer for CNS. I did not seek approval from Morgan Smith. CNS's process for terminating hourly employees who worked on the UPF construction project did not require Mr. Smith's approval.

[Doc. 18-3 at ¶ 3]. Given Plaintiff's lack of response, *see* E.D. Tenn. L.R. 7.1, the Court will quash the trial subpoena at this time. However, because it is unclear what Smith knows about this case, if anything, the instant Order does not constitute a bar to Smith testifying at trial.

Finally, Defendant has requested its attorney's fees in filing its Motion. Defendant relies on Rule 45(d)(2), which states that a party "must take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena." The Rule further provides, "The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and attorney's fees—on a party or attorney who fails to comply." Fed. R. Civ. P. 45(d)(1). The Court notes that the Subpoena was directed at Smith,

4

although Defendant filed the Motion. "The rule protects, from undue burden, the individual who is the subject of the subpoena . . ." *Mustafa Dogan Dairy Consulting, LLC v. La Colombe Torrefaction, Inc.*, No. 1:17-CV-277, 2018 WL 9801022, at *2 (W.D. Mich. Sept. 7, 2018) (declining to award attorney's fees because the subpoena was directed at defendant's officers but defendant filed the motion).[2] Accordingly, the Court declines to award fees at this time.[3] Plaintiff, however, is **DIRECTED** to Rule 1, which provides that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and *inexpensive determination* of every action and proceeding." Fed. R. Civ. P. 1 (Emphasis added).

## II. CONCLUSION

Accordingly, Defendant's Motion to Quash Subpoena [**Doc. 18**] is **GRANTED IN PART AND DENIED IN PART.**

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

---

[2] While no party has raised this issue, the Court observes that it is not clear if Defendant has standing to move to quash the Subpoena. *See Mustafa*, 2018 WL 9801022, at *2 n. 2 ("The matter is complicated because of the relationship between Defendant and the three individuals, who are corporate officers. The Court has not identified any binding authority addressing the issue of standing under these circumstances.").

[3] Defendant also cites *Tepe*, No. 1:19-cv-00158-JRG-SKL [Doc. 73 at 2] in support of its request for attorney's fees, but in that case, the pro se plaintiff served four out of his 118 subpoenas after he acknowledged that he received the Court's order that it had temporarily quashed the subpoenas. The Court found sanctions appropriate given that it previously warned plaintiff about excessive discovery tactics. [*Id.* at 9].

5